UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
In re:                                              )
                                                    )    Chapter    7
ASPETUCK ASSOCIATES, INC.,                          )
                                                    )
        Debtor.                                     )    Case No.    04-35431 (ASD)
------------------------------------------------------
                                                    )
MICHAEL J. DALY, Trustee                            )
                                                    )
        Plaintiff                                   )
v.                                                  )    Adv. Pro. No.  06-3133
                                                    )
CONNECTICUT ROOFING                                 )
REPRESENTATIVES, LLC,                               )
                                                    )
        Defendant.                                  )    Re:  Doc. I.D. No. 28
------------------------------------------------------

**MEMORANDUM OF DECISION ON MOTION TO DISMISS
ADVERSARY PROCEEDING**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge.

**I. INTRODUCTION.**

The matter before the Court requires that it assess whether the Defendant has been unduly prejudiced by the Plaintiff's late institution of this proceeding against it. That question arises the so-called "relation-back" provisions of Rule 15, Federal Rules of Civil Procedure. Upon the record and analysis that follows, this Court determines that Federal Rule 15 permits the Plaintiff's tardily-filed amended complaint to relate back to the date of the Plaintiff's timely-filed original complaint. Accordingly, the Defendant's pending motion to dismiss this proceeding must be **DENIED**.

## II. JURISDICTION.

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b).  This Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1), and the District Court's General Order of Reference dated September 21, 1984.  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(F).

## III. FACTUAL BACKGROUND.

1. On November 22, 2004 (the "Petition Date"), an order for relief was entered in favor of Aspetuck Associates, Inc. ("Debtor") upon its voluntary petition under Chapter 7 of Title 11, United States Code.

2. On or about the Petition Date, Plaintiff, Michael J. Daly (the "Trustee"), was appointed trustee for the Debtor's resulting bankruptcy estate.

3. On November 15, 2006, one week shy of the second anniversary of the pendency of the bankruptcy case, the Trustee commenced the instant adversary proceeding by the filing of a Complaint pursuant to Sections 547, 550 and 502 of the Bankruptcy Code against Connecticut Roofing Co. ("CRC").

4. In his Complaint (Doc. I.D. No. 1), the Trustee alleged, *inter alia*, that the Debtor, within ninety (90) days preceding the Petition Date, made certain avoidable preferential transfers (the "Transfers") to CRC.

5. During or about February 2007, the Trustee acquired information leading him to believe that the correct identity of the recipient of the Transfers was Connecticut Roofing Representatives, LLC ("CRR"), not CRC.

6. On March 5, 2007, approximately 110 days following the filing of his Complaint

against CRC, the Trustee filed a First Amended Complaint (Doc. I.D. No. 17) (the "Amended Complaint"), naming CRR as the sole defendant in place of CRC.

7. On March 8, 2007, the Trustee filed a Motion for Issuance of Summons (Doc. I.D. No. 18) (the "Summons Motion"). In addition to seeking the issuance of a summons for CRR, the Summons Motion requested a 30-day extension of time, beyond the date of issuance of the requested summons, within which to serve the Summons and Amended Complaint upon CRR.

8. By Order dated March 12, 2007 (Doc. I.D. No. 19), this Court granted the Summons Motion, ordering the Clerk's Office to issue a Summons for CRR, and granting the Trustee a period of thirty (30) days from the date of issuance of the Summons to serve the Summons and Amended Complaint upon CRR.

9. On March 14, 2007, the Clerk issued a Summons for CRR. On that same day – 119 days following the filing of the original Complaint – the Trustee served CRR, through its agent for process (John P. McHugh), with the Summons and Amended Complaint by first-class U.S. Mail. See Doc. I.D. No. 23.

10. On April 2, 2007, Attorneys Patrick W. Boatman and Jenna N. Sternberg each filed a Notice of Appearance for CRR (Doc. I.D. Nos. 25 and 26).

11. On April 4, 2007, CRR filed the instant Motion to Dismiss Complaint (Doc. I.D. No. 28), a Memorandum of Law in Support of Motion to Dismiss Complaint (Doc. I.D. No. 29) ("Memorandum of Law"), and the Affidavits of John P. McHugh (Doc. I.D. No. 30) and John T. McGrath (Doc. I.D. No. 31).

## IV.  DISCUSSION

CRR moves to dismiss this adversary proceeding against it under Fed. R. Civ. P. 12(b) on the ground that it is time-barred.  In terms of the timeliness of this proceeding, Section 546 of the Bankruptcy Code provides that –

> (a) An action or proceeding under section . . . 547 . . . of this title may not be commenced after the earlier of--
>
> > (1) the later of--
> >
> > > (A) *2 years after the entry of the order for relief*; or
> > >
> > > (B) 1 year after the appointment . . . of the . . . trustee under section 702 . . . of this title if such appointment . . . occurs before the expiration of the period specified in subparagraph (A); or
> >
> > (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (2004) (emphasis supplied).

It is uncontested that under the terms of Section 546(a) alone, the Trustee may not have commenced this proceeding against CRR through the filing of the Amended Complaint, since that filing  (on March 5, 2007) occurred more than two years after the entry of the order for relief in the underlying bankruptcy case, *i.e.* after November 22, 2006.  Nonetheless, the Trustee seeks to utilize the "relation-back" provisions of Fed. R. Civ. P. 15(c) (made applicable to this adversary proceeding by Fed. R. Bank. P. 7015) to turn back the clock and have the date of filing of the Amended Complaint *deemed* to be November 15, 2006 – the date of filing of the original Complaint.  Accordingly, the outcome of this matter is governed by Fed. R. Civ. P. 15(c) (2006), which provides, in relevant part, as follows:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action;
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
>
> (3) *the amendment changes the party* . . . against whom a claim is asserted if the foregoing provision (2) is satisfied and, *within the period provided by Rule 4(m)* for service of the summons and complaint, the party to be brought in by amendment (A) *has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits*, and (B) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party*.

(emphasis supplied).

Because the amendment here "changes the party" defendant, the Court looks first to subsection (3) of Federal Rule 15(c). Distilled to its essence, that subsection sets up a three-pronged standard for determination of matters such as the one at bar: (i) subsection (c)(2) of Rule 15 must be satisfied, *i.e.* the claim asserted in the Amended Complaint must arise "out of the conduct, transaction, or occurrence" set forth in the original Complaint; (ii) "within the period provided by Rule 4(m)", CRR must have received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits; and (iii) "within the period provided by Rule 4(m)" CRR must have known, or should have known, that but for a "mistake concerning the identity of the proper party", the proceeding would have been brought against it in the first place.

There is no dispute that the first prong, *i.e.* Rule 15(c)(2) is satisfied here – the claim against CRR in the Amended Complaint is identical to the claim asserted against CRC in the original Complaint.  Nonetheless, satisfaction of the second and third prongs – *i.e.* the requirements of subsections (A) and (B) of Rule 15(c)(3) – are contested, and ultimately determinative of the matter at bar.

As an initial matter, the Court notes that satisfaction of each of the requirements of subsections (A) and (B) of Rule 15(c)(3) must be demonstrated to have occurred "within the period provided by Rule 4(m)".  Fed. R. Civ. P. 4(m) (2006) provides in relevant part as follows:

> **(m) Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant *within 120 days* after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice against that defendant or direct that service be effected within a specified time; *provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period*.

(emphasis supplied).  Therefore, for purposes of the instant matter, the "period provided by Rule 4(m)" is the period ending on April 13, 2007, because this Court's Order of March 12, 2007 (Doc. I.D. No. 19), extended the time for service under Rule 4(m) to a date 30 days from the date of issuance of the Summons (March 14, 2007).

With respect to the second prong of the "relation-back" test – *i.e.* the requirement of Rule 15(c)(3)(A) – the Court can perceive no material prejudice to CRR's defense of the instant proceeding attributable to notice to it of the institution of this proceeding against it after the bar date of Code Section 546 (November 22, 2006) yet within the period provided by Rule 4(m).  According to CRR, the prejudice that it suffers relates to its intervening

business "merger" and "writing off" of the debt allegedly owed to it by the Debtor.[1]  That prejudice, if legitimate, is, however, attributable to events that occurred pre-November 22, 2006 – *i.e.* at a time when the Trustee could have commenced a *timely* independent action against CRR.  By contrast, CRR does not allege any post-November 22, 2006 prejudice.  Simply put, CRR has not cited to any *relevant* prejudice – *i.e.* prejudice that resulted from it being placed on notice of the institution of this proceeding on or about March 15, 2007, as opposed to November 22, 2006.

With respect to the third prong – the requirement of Rule 15(c)(3)(B) – the question is whether, on or prior to April 13, 2007, CRR "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against [it]."  Thus Rule 15(c)(3)(B) requires more than simple notice or awareness of the institution of the subject proceeding; it requires that a plaintiff demonstrate, additionally, the defendant's knowledge of the *mistaken identity*.  In this matter, the requisite knowledge is manifest in CRR's own pleadings.  CRR's Memorandum of Law, dated April 4, 2007, states (at unnumbered p. 3) that "[CRR's] counsel reviewed the pleadings related to the adversary proceeding and determined that the initial complaint made the same claims against [CRC], not [CRR]."  The nature and timing of this admitted knowledge demonstrates that CRR "knew or should have known" of the Trustee's "mistake" within the period provided by Rule 4(m), *i.e.* on or before April 13, 2007.

The Court also notes that the conclusions that emerge from the foregoing Rules-based analysis do not offend general notions of equity.  This is not a "shocking" case where

---

[1] *See* CRR's *Memorandum of Law* at unnumbered pp. 3 and 7.

the violation of the repose of the defendant was substantial in nature or in time. Given the governing time-frames, the justifiable repose of CRR extended, at most, roughly four months. Further, the record of this matter suggests a case in which CRR's repose consisted of blissful ignorance, rather than knowing and detrimental reliance.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Complaint (Doc. I.D. No. 28) shall be **DENIED** by separate order.

Dated: March 10, 2009                                              BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge